UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:24-cr-276-VMC-UAM

MIGUEL FORTIER

_____/

### DEFENDANT FORTIER'S

### UNOPPOSED MOTION TO CONTINUE JURY TRIAL

The Defendant, MIGUEL FORTIER, through undersigned counsel hereby files this unopposed motion to continue the status conference and jury trial in this matter. In support of such relief Defendant Fortier would allege:

1. The Defendant was recently arraigned on this matter and entered a not guilty plea through undersigned counsel. Undersigned counsel was appointed by the Court on July 30, 2024.

2. The Defendant moves for a continuance of the current jury trial scheduled on September 3, 2024, as he and undersigned counsel need additional time to analyze the discovery and pursue a reasonable courses of action in furtherance of resolving this matter without a trial.

3. This is the first time this matter has been set for trial and the Defendant's

first request for a continuance of any trial dates.

4. Defendant Fortier consents to a filing of this motion for continuance.

5. AUSA Carlton Gammons communicated with undersigned counsel that the Government does not oppose this request for continuance.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

Middle District of Florida Local Rule 3.09 generally prohibits counsel from stipulating to a continuance of a trial term. However, Local Rule 3.09 does provide that the district court may grant such request for good cause.

In the *United States v. Uri Ammar*, Eleventh Circuit Court of Appeals Case Number 13-12044, the Eleventh Circuit Court of Appeals ruled continuance motions were guided language of the Speedy Trial Act and the Supreme Court of the United States' interpretation of that language in *Zedner v. United States*, 547 U.S. 489, 126 S. Ct. 1976 (2006).

The Speedy Trial Act states a delay resulting from a continuance either by the district court or at the request of a party is excludable from the 70-day period if the trial court puts on the record its reasons for finding that the ends of justice are served by the granting of a continuance outweigh the public's and defendant's interests in a speedy trial. *Id. Zedner* makes clear that the findings must be expressly made on the record. Additionally, *Zedner* held that the government and a defendant may not simply agree to a continuance and thus waive the Act's 70-day

requirement without the above finding by a district court. Hence, a district court's finding that a continuance is justified solely because the parties agreed to the continuance is not a proper ends of-justice finding.

CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2024, a copy of the foregoing motion was filed electronically. Notice of this filing will be sent by operation of the Court's CM/ECF system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system.

Respectfully Submitted,

                                      S/ Nicholas G. Matassini
                                      Nicholas G. Matassini, Esquire
                                      Florida Bar Number: 737704
                                      ngm@matassinilaw.com
                                      The Matassini Law Firm, P.A.
                                      2811 W. Kennedy Blvd.
                                      Tampa, Florida 33609
                                      Telephone (813) 879-6227
                                      Counsel for Defendant Fortier