UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO.  8:24-cr-276-VMC-UAM

MIGUEL FORTIER
_____/

DEFENDANT FORTIER'S UNOPPOSED MOTION
TO CONTINUE JURY TRIAL

The Defendant, MIGUEL FORTIER, through undersigned counsel hereby files this unopposed motion to continue the status conference and jury trial in this matter. In support of such relief Defendant Fortier would allege:

1. The Defendant entered a Not Guilty plea to the charges in this matter and his case has been set for the November 2024 trial term. A status hearing is currently set before the Court on Thursday October 10th.

2. The Defendant moves for a 2-cycle continuance of the current jury trial scheduled as he and undersigned counsel need additional time to analyze the voluminous discovery and pursue a reasonable course of action in furtherance of resolving this matter without a trial.

3. Since the last court date counsel has made significant progress reviewing the discovery with his client (albeit with more still to review) and communicating

with the Government about a potential resolution of this matter by plea agreement.

4.      Defendant Fortier consents to the filing of this motion for continuance and waives his rights under the Speedy Trial Act under 18 U.S.C. § 3161 until February 28, 2025.

5.      AUSA Carlton Gammons communicated with undersigned counsel that the Government does not oppose this request for continuance.

WHEREFORE the Defendant requests a continuance of this matter until the January 2025 trial term and for other such relief as deemed just and equitable.

MEMORANDUM OF LAW IN SUPPORT OF MOTION

Middle District of Florida Local Rule 3.09 generally prohibits counsel from stipulating to a continuance of a trial term. However, Local Rule 3.09 does provide that the district court may grant such request for good cause.

In the *United States v. Uri Ammar*, Eleventh Circuit Court of Appeals Case Number 13-12044, the Eleventh Circuit Court of Appeals ruled continuance motions were guided language of the Speedy Trial Act and the Supreme Court of the United States' interpretation of that language in *Zedner v. United States*, 547 U.S. 489, 126 S. Ct. 1976 (2006).

The Speedy Trial Act states a delay resulting from a continuance either by the district court or at the request of a party is excludable from the 70-day period if

the trial court puts on the record its reasons for finding that the ends of justice are served by the granting of a continuance outweigh the public's and defendant's interests in a speedy trial. Id. *Zedner* makes clear that the findings must be expressly made on the record. Additionally, *Zedner* held that the government and a defendant may not simply agree to a continuance and thus waive the Act's 70-day requirement without the above finding by a district court. Hence, a district court's finding that a continuance is justified solely because the parties agreed to the continuance is not a proper ends of-justice finding.

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2024, a copy of the foregoing motion was filed electronically. Notice of this filing will be sent by operation of the Court's CM/ECF system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system.

Respectfully Submitted,

S/ Nicholas G. Matassini
Nicholas G. Matassini, Esquire
Florida Bar Number: 737704
ngm@matassinilaw.com
The Matassini Law Firm, P.A.
2811 W. Kennedy Blvd.
Tampa, Florida 33609
Telephone (813) 879-6227
Counsel for Defendant Fortier