# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case Number: 8:24-cr-276-VMC-LSG |
| v. | USM Number: 22611-511 |
| MIGUEL ANGEL FORTIER, JR. | Nicholas Gianni Matassini, CJA |

## JUDGMENT IN A CRIMINAL CASE

Defendant pleaded guilty to Count One of the Indictment. Defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. §§ 1341 and 1349 | Conspiracy to Commit Mail Fraud | On or about April 14, 2022 | One |

Defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, Defendant shall notify the Court and United States Attorney of any material change in Defendant's economic circumstances.

Date of Imposition of Judgment:

April 29, 2025

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

May 1, 2025

Miguel Angel Fortier, Jr.
8:24-cr-276-VMC-LSG

# IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TWENTY-ONE (21) MONTHS.**

The Court makes the following recommendations to the Bureau of Prisons:

- Defendant be housed at the nearest Bureau of Prison's medical facility where his medical needs can be accommodated.
- Defendant be evaluated for participation in any educational and vocational programs deemed appropriate by the Bureau of Prisons.
- Defendant be allowed to study for and obtain his GED.
- Defendant be allowed to participate in college level instructional courses once he completes his GED.
- Defendant be allowed to participate in the UNICOR program, if eligible.

Defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Miguel Angel Fortier, Jr.**
**8:24-cr-276-VMC-LSG**

## SUPERVISED RELEASE

Upon release from imprisonment, Defendant will be on supervised release for a term of **THREE (3) YEARS.**

## MANDATORY CONDITIONS

1. Defendant shall not commit another federal, state or local crime.
2. Defendant shall not unlawfully possess a controlled substance.
3. Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

Defendant shall also comply with the additional conditions on the attached page.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

Miguel Angel Fortier, Jr.
8:24-cr-276-VMC-LSG

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, Defendant shall comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. Defendant shall report to the Probation Office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the Probation Officer instructs you to report to a different Probation Office or within a different time frame. After initially reporting to the Probation Office, Defendant will receive instructions from the court or the Probation Officer about how and when Defendant must report to the Probation Officer, and Defendant must report to the Probation Officer as instructed.
2. After initially reporting to the Probation Office, you will receive instructions from the court or the Probation Officer about how and when Defendant shall report to the Probation Officer, and Defendant shall report to the Probation Officer as instructed.
3. Defendant shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.
4. Defendant shall answer truthfully the questions asked by your Probation Officer
5. Defendant shall live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
6. Defendant shall allow the Probation Officer to visit you at any time at your home or elsewhere, and Defendant shall permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so. If you do not have full-time employment Defendant shall try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
8. Defendant shall not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, Defendant shall not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.
9. If you are arrested or questioned by a law enforcement officer, Defendant shall notify the Probation Officer within **72 hours**.
10. Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and Defendant shall comply with that instruction. The Probation Officer may contact the person and confirm that you have notified the person about the risk.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Miguel Angel Fortier, Jr.**
**8:24-cr-276-VMC-LSG**

13. Defendant shall follow the instructions of the Probation Officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____ Date:_____

Miguel Angel Fortier, Jr.
8:24-cr-276-VMC-LSG

# ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. Defendant shall submit to a search of your person, residence, place of business, any storage units under Defendant's control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

2. Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating yourself for any major purchases without approval of the probation officer.

3. Defendant shall provide the probation officer access to any requested financial information

4. Defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

5. Defendant shall refrain from any unlawful use of controlled substances. Defendant shall submit to one drug test within 15 days of placement on supervision and at least two periodic drug tests thereafter as directed by the probation officer. Defendant shall submit to random drug testing not to exceed 104 tests per year.

Miguel Angel Fortier, Jr.
8:24-cr-276-VMC-LSG

# CRIMINAL MONETARY PENALTIES

Defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Assessment | Restitution | Fine | AVAA Assessment | JVTA Assessment |
|---|---|---|---|---|
| $100.00 | $1,462,471.92 | WAIVED | N/A | N/A |

Defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If Defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Restitution Ordered |
|---|---|
| Amazon | $1,091,092.62 |
| Costco | $125,068.56 |
| Louis Vuitton | $33,113.01 |
| Stock X | $82,679.17 |
| Apple | $92,087.68 |
| Best Buy | $1,411.98 |
| Nike | $35,179.65 |
| Nordstrom | $1,839.25 |
| **Total** | **$1,462,471.92** |

Miguel Angel Fortier, Jr.
8:24-cr-276-VMC-LSG

# SCHEDULE OF PAYMENTS

Having assessed Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

Special Assessment shall be paid in full and is due immediately.

Restitution obligation shall be payable to the Clerk, U.S. District Court, for distribution to the victims. While in Bureau of Prisons custody, you shall either (1) pay at least $25 quarterly if you have a non-Unicor job or (2) pay at least 50% of your monthly earnings if you have a Unicor job. Upon release from custody, you are ordered to begin making payments of **$100** per month and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in your ability to pay, and the Court may adjust the payment schedule accordingly. The Court finds that the defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, unless otherwise directed by the Court, the Probation Officer, or the United States attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, and (9) penalties, and (10) costs, including cost of prosecution and court costs.

### Joint and Several

Restitution shall be paid jointly and severally with codefendant Brock David Fischer (8:24-cr-276-VMC-LSG), and related cases Matthew Bergwall (Docket No.: 8:23-cr-388-TPB-CPT) and Owen Sheed (8:25-cr-88-SDM-NHA).

### FOREFEITURE

Defendant shall forfeit to the United States those assets that are subject to forfeiture as previously identified in the Order of Forfeiture and any subsequent orders.

AO 245B (Rev. 09/19) Judgment in a Criminal Case